**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **RICKY RAY LEWIS** | **CIVIL ACTION NO. 12-2184-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **PAUL GUILLOT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ricky Ray Lewis ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 15, 2012. Plaintiff is incarcerated at David Wade Correctional Center in Homer, Louisiana, and alleges that his civil rights were violated by prison officials. Plaintiff names Paul Guillot and Tonya Guillot as defendants.

Plaintiff claims Paul Guillot and Tonya Guillot are married. He claims when they work as field officers on the same shift and within the same environment, they create an unsafe and unethical work area and environment. He claims that on May 1, 2012, he filed a grievance with Warden Goodwin about Defendants' work ethics.

Plaintiff claims that on May 23, 2012, Paul Guillot filed a disciplinary report charging him with aggravated disobedience. Plaintiff claims on May 28, 2012, he was convicted of the charge for refusing a direct order to get in line for headcount based only on Paul Guillot's

statement. He claims he was sentenced to eight weeks loss of commissary and eight weeks loss of yard and recreation.

Plaintiff claims that on June 21, 2012, Tonya Guillot filed a disciplinary report charging him with aggravated disobedience. Plaintiff claims that on June 28, 2012, he was convicted of the charge for refusing a direct order to stop talking based only on Tonya Guillot's statement. He claims he was sentenced to six weeks loss of commissary and six weeks loss of yard and recreation.

Plaintiff claims Paul Guillot and Tonya Guillot both filed disciplinary reports against him in order to retaliate against him for filing a grievance against them. Plaintiff claims he had a perfect conduct record without any write-ups for the previous two years before coming to David Wade Correctional Center. He further claims Defendants are the only officers who have ever charged him with disciplinary violation.

Accordingly, Plaintiff seeks any just and equitable relief and compensatory and punitive damages.

## LAW AND ANALYSIS

### Due Process in the Disciplinary Process

To the extent Plaintiff contends he was punished without due process, that claim is not cognizable. In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to

procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary actions affected the duration of his sentence or that the disciplinary sentences were atypical of the prison environment. To the contrary, Plaintiff's allegations concern changes in the conditions of confinement which are far from "extraordinary." This Court finds that under Sandin, Orellana and Madison, eight and six weeks loss of commissary and eight and six weeks loss of yard and recreation do not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Hence, Plaintiff's claim that he was punished without due process of law is without merit.

Accordingly, Plaintiff's claims regarding due process in the prison disciplinary proceedings should be dismissed with prejudice as frivolous.

**False Disciplinary Report**

To the extent Plaintiff claims Defendants filed false disciplinary reports against him, Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly, even if the actions of Defendants resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff claims regarding false disciplinary reports should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff contends that his constitutional rights were violated by Defendants as retaliation for his filing of a grievance against them. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the filing of a disciplinary report--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated. Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he

provides no specific allegations showing that "but for" this motive he would not have been written up for a rule violation. Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15th day of November 2013.

Mark L. Hornsby
U.S. Magistrate Judge